**James L. GIRTLEY and Thelma Girtley, Appellants,**

v.

**Walter COWLEY and Louise Cowley, Appellees.**

Court of Appeals of Kentucky.

June 9, 1967.

Rehearings Denied Oct. 13, 1967.

Burlyn Pike, Taylor & Pike, Shepherdsville, for appellants.

Thomas B. Givhan, Givhan & Stratton, Shepherdsville, for appellees.

CLAY, Commissioner.

We have before us consolidated appeals which involve the question of whether appellants Girtley have fee simple title to a 30-foot passway or have only an easement right therein. The Chancellor adjudged the Girtleys had only an easement.

Appellants' predecessor in title owned a substantial tract of land on the east side of the L&N Railroad Company in Bullitt County. In November 1960, appellants were conveyed a southern portion of this tract consisting of approximately 55 acres, which was described in the deed by metes and bounds. Immediately following the metes and bounds description, in single space typing, was the following provision:

> "Also included is a 30-foot passway from the north line of the above tract along the right of way of the railroad

950 feet, more or less, to where the present crossing is."

Approximately a year and a half later the same grantor conveyed to appellees Cowley the northern part of the original tract, containing approximately 125 acres. In the descriptive portion of this deed appears the following provision:

"There is *excluded* the tract conveyed James L. Girtley, etc. by a deed from Dell Girtley, etc. dated November 29, 1960, recorded in Deed Book 98, Page 636 in above office *and also the passway therein described."* (Emphasis ours.)

Another portion of this deed provided the conveyance was subject to a specific "easement" of a telephone company and other easements.

Under the deeds the common grantor of both parties specifically conveyed this 30-foot strip to the Girtleys in fee simple and specifically excluded it from the land conveyed to the Cowleys. There is no ambiguity in the deeds. We are at a loss to understand how the Cowleys could have acquired fee simple title to this passway. The manifest intention of the common grantor, as disclosed in the language of the two deeds, is just the other way around.

While a "passway" would ordinarily connote an easement, the wording of the deeds indicates very clearly that the term "passway" was descriptive of the purpose for which the strip was conveyed and was not a limitation on the quality of the estate created therein. This would seem particularly true when in the last deed to the Cowleys, after a provision that the conveyance was subject to "any other easement affecting said land", a subsequent separate paragraph expressly excluded the passway from the conveyance. In neither deed is it referred to or treated as an easement.

It is our opinion that the 30-foot strip was conveyed to the Girtleys in fee simple and the Chancellor erroneously construed the deeds otherwise in his judgment of June 23, 1964. The subsequent judgment of March 26, 1965, being based upon the former judgment, was likewise erroneous.

The judgments are reversed with directions to enter a judgment or judgments for appellants Girtley consistent with this opinion.

All concur.